OLIVER FARM EQUIPMENT SALES COMPANY *v.* BOGARD.

[No. 14,940. Filed January 8, 1936. Rehearing denied
April 24, 1936.]

*Owen S. Boling* and *Charles D. Hunt,* for appellant.

*Amorine M. Wilson* and *Earl E. Cummings,* for appellee.

CURTIS, C. J.—This was an action in replevin brought in the Sullivan Circuit Court by the appellant for the possession of certain personal property. The issues were formed upon a complaint in two paragraphs, the first being in the usual form in replevin actions and the second in like form showing also the source of plaintiff's title and an answer in general denial to each paragraph. The cause was tried before a jury which rendered a verdict in favor of the appellee. Appellant filed its motion for a new trial which was overruled with an exception to appellant and a judgment was rendered on the general verdict as follows: "It is therefore ordered, adjudged and decreed by the court, upon verdict that

plaintiff take nothing by this action and that the defendant recover of and from the plaintiff the costs of their action herein laid out and expended, taxed at $——."

The appellant prayed and perfected this appeal and assigns the following error: "The court erred in overruling appellant's motion for a new trial." The motion for a new trial contains three causes or grounds as follows: (1) That the verdict is not sustained by sufficient evidence; (2) that the verdict is contrary to law; (3) that the court erred in giving each of instructions numbered 1 to 14 inclusive of its own motion.

The appellant in its brief fails to discuss any alleged error as to the several instructions and therefore has waived such alleged errors. Under the first and second causes or grounds of the motion the appellant has presented some fourteen propositions. The complaint alleges that the appellee became indebted to Nichols & Shepard Company of Battle Creek, Michigan, in the approximate sum of $3,500.00 secured by a chattel mortgage on the property sought to be replevied; that the appellant is the owner by purchase of said mortgage and "that said indebtedness for which said mortgage was given to secure has long since been due and unpaid and that said plaintiff has made numerous demands on said defendant for the payment of the same, or the possession of said property described in said mortgage and above set out. That said defendant has failed and refused to either pay said indebtedness or deliver said property to said plaintiff as provided in said mortgage." Of the said fourteen propositions nine are abstract propositions of law with authorities to support them but with no application made to the errors assigned except such application as is made in propositions 12, 13, and 14. Propositions 12, 13, and 14 are addressed to the point that is contended for by the ap-

pellant, to wit, that the evidence fails to show payment in full by the appellee of the mortgage debt. While the evidence tends to support the contention of the appellant, yet we cannot say that there is not some evidence supporting the contrary view. It is elementary that this court will not weigh conflicting evidence. And the appellant also overlooks the fact that this is a replevin action and that it must recover upon the strength of its own title. The appellant's title to the mortgage in question is in dispute under the evidence as is also its right to the possession of the mortgaged property. There is also in dispute some of the terms of the mortgage, particularly that part in reference to whether or not a "sticker" was on the mortgage when it was executed. The appellee contends that this "sticker" was not on the mortgage when he signed it and that it made a material change in the mortgage.

From an examination of the record we conclude that there is competent evidence to sustain the verdict and that it is not contrary to law.

Judgment affirmed.

Bridwell, J., not participating.